John BURTON, Plaintiff–Appellant,

v.

SOUTHWESTERN BELL MOBILE SYSTEMS, INC., d/b/a Cellular One–Central Illinois, Defendant–Appellee.

No. 99–4176.

United States Court of Appeals, Seventh Circuit.

Argued Dec. 12, 2000.

Decided Jan. 2, 2001.

Before Hon. BAUER, Hon. POSNER, and Hon. KANNE, Circuit Judges.

ORDER

John Burton sued his former employer, Southwestern Bell Mobile Systems, Inc., under Title VII of the Civil Rights Act of 1964, 42 U .S.C. § 2000e, et seq., because he believed it fired him because he is white. Burton alleged that Southwestern

Bell's proffered reasons for firing him-that he had knowingly submitted false employees' time records and that he had allowed an employee under his supervision to violate Southwestern Bell's Code of Business Conduct-were pretextual. The district court granted Southwestern Bell's motion for summary judgment, and we affirm.

Southwestern Bell Mobile Systems, Inc., doing business as Cellular One of Central Illinois ("Cellular One"), hired Burton to manage its Decatur store in October 1996. Burton was supervised by Julie Chiaro, Cellular One's Manager of Internal Distribution. Burton alleged that when he was hired, Chiaro told him that she could not fire the Decatur store's African–American employees because they were a protected minority. During Burton's tenure as the Decatur store's manager, he supervised three employees-Larry Allen, Tracy Manns, and Scotty Jelks. Manns and Jelks are African American, but all other Cellular One employees and supervisors relevant to this appeal are white.

In January 1997, Chiaro directed Burton to investigate Allen for "churning," a practice Cellular One prohibits. Churning occurs when an employee disconnects a customer's existing phone line and then activates a new line for that customer. Cellular One prohibits churning because it allows the customer to avoid paying for an upgrade and allows sales representative to inflate their figures regarding new accounts, helping them to reach bonuses–even though Cellular One does not actually obtain a new customer. A few days after receiving Chiaro's instructions to investigate Allen, Burton e-mailed Chiaro, stating that Allen had not engaged in a churn. Around the same time, Manns called Vicki Wills, Cellular One's Human Resources Manager, and reported his belief that Burton condoned Allen's churns. Wills and Chiaro both went to the Decatur store to investigate Allen's churns, and they spoke with both Burton and Manns. Afterwards Wills contacted Mara Wasar, Cellular One's Asset Protection Manager, who directed Chiaro to prepare a written summary of the churning incidents.

When Wills and Chiaro visited the Decatur store during their investigation of the churning incident, both Burton and Manns complained about discrepancies on employee time sheets. Burton told Wills that Manns regularly took extended lunches which necessitated Allen working through his lunch, and Wills promised to check Manns's time sheets for extended lunches. Although Burton contended that Chiaro had told him to sign Manns's time sheets regardless of their accuracy, the record contains no evidence that Burton shared Chiaro's instructions with Wills. On the other hand, Manns claimed that Burton signed Allen's time sheets, even though two particular time sheets reflected time for which Allen had not worked.

Wasar, Wills, and Chiaro later met with Burton to discuss his knowledge of Allen's churns and the submission of false time sheets. Burton initially told Wasar that he had investigated the alleged churns and found nothing improper, but later in the conversation he admitted that Allen's handling of two customer accounts apparently had violated company policy. When Wasar asked Burton about Allen's time sheets, he responded that Allen may have worked on Saturday and that he gave him another day off, or that Allen was owed some "compensatory time." Burton had not written on Allen's time sheets that he had given Allen compensatory time and Cellular One had no policy permitting compensatory time. At the conclusion of the meeting, Wasar suspended Burton. One week later she fired him, and the same day, Allen quit. Cellular One replaced Burton with a white manager. Burton

then filed this Title VII action, alleging that he was discharged because he was white.

The district court noted that the parties disputed whether Burton established a prima facie case of discrimination, and went on to resolve Burton's claim on the ground that he failed to submit any evidence tending to show that Cellular One's reason for firing him was a pretext for unlawful discrimination. The district court found that Burton submitted no evidence showing that Wasar, the decision-maker, did not honestly believe that Burton had submitted false time sheets. The court further found that Burton had submitted no evidence that Wasar knew of Chiaro's comment that Cellular One could not fire African–American employees. Thus, the court concluded that Burton had failed to establish a causal relationship between Chiaro's comment and the decision made by Wasar to fire him.

We review a district court's grant of summary judgment de novo, viewing the facts and drawing all reasonable inferences in the light most favorable to the nonmoving party. *Jackson v. E.J. Brach Corp.*, 176 F.3d 971, 981 (7th Cir.1999). Summary judgment is appropriate when there is no genuine issue of material fact such that the judgment is proper as a matter of law. FED. R. CIV. P. 56(c). In order for Burton to overcome a motion for summary judgment, he must put forth sufficient evidence to allow a jury to render a verdict in his favor. *Sanchez v. Henderson*, 188 F.3d 740, 743–44 (7th Cir. 1999). The mere existence of some alleged factual dispute is insufficient to defeat an otherwise properly supported motion for summary judgment. *Id.* at 744

Because Burton presented no direct evidence of prohibited discrimination, he must establish his claim using the burden-shifting method articulated in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973). If Burton established a prima facie case of racial discrimination, then the burden of production shifts to Cellular One to show a legitimate, non-discriminatory reason for his termination. *See Mills v. Health Care Serv. Corp.*, 171 F.3d 450, 454 (7th Cir. 1999). Once Cellular One came forward with several legitimate, non-discriminatory reasons for his discharge, Burton then had to show those reasons to be pretextual. *Id.*

The parties dispute whether Burton has established his prima facie case, but we decline to resolve this dispute. Although we recognize that the prima facie case is technically the first step in the burden-shifting method, "we shall eschew a mechanistic application of *McDonnell Douglas* in this circumstance," *Fuka v. Thomson Consumer Elec.*, 82 F.3d 1397, 1404 (7th Cir.1996), and proceed to consider whether Burton met his burden of showing pretext. Pretext requires that Burton demonstrate that Cellular One's stated reasons were a lie. *Kulumani v. Blue Cross Blue Shield Ass'n*, 224 F.3d 681, 685 (7th Cir. 2000). Burton can demonstrate pretext with evidence showing that Cellular One's proffered reasons are not credible, lack a basis in fact, did not actually motivate the decision to terminate him, or were insufficient to motivate the discharge. *Freeman v. Madison Metro. Sch. Dist.*, 231 F.3d 374 (7th Cir.2000).

In an attempt to show pretext, Burton now argues that even though he submitted false time sheets, Cellular One's reliance upon his false submissions was pretextual. Burton reasons that the fact that Cellular One disciplined only him, and not Allen, the benefactor of the falsified time sheets, demonstrates that Cellular One's reasons for firing him were pretextual. But Burton ignores the fact that Allen quit the

same day that Burton was fired, and thus Cellular One never had the opportunity to discipline Allen. Moreover, even had Cellular One chosen to punish Burton-a supervisor-more harshly than Allen-a lower level employee-this court does not sit as a super-personnel department and will not second-guess an employer's decisions. *Ransom v. CSC Consulting, Inc.*, 217 F.3d 467, 471 (7th Cir.2000).

Burton also contends that Cellular One failed to thoroughly investigate his allegation regarding Manns's extended lunch hours, and that this failure is evidence of pretext. Wills, he contends, should have asked him about the discrepancy between his complaint that Manns overstayed his lunch break and Manns's time sheets reflecting otherwise. But Burton confuses mistake with pretext. *Miller v. American Family Mut. Ins. Co.*, 203 F.3d 997, 1008–09 (7th Cir.2000).

Burton's remaining arguments are frivolous. For instance, he argues that Cellular One's reasons were pretextual because Cellular One offered only Manns's accusation as evidence that Burton knew of Allen's churning. Perhaps Cellular One was mistaken in its conclusion that Burton condoned Allen's churning-but mistake is not pretext. *Id.* Burton also contends that he honestly believed that he could give Allen compensatory time. But Burton's state of mind is irrelevant to whether Cellular One honestly believed it was firing him for submitting false time sheets. Finally, Burton resorts to his own subjective belief that Cellular One must have fired him for pretextual reasons. According to his theory, Cellular One knew that Burton and Manns did not get along and that, ultimately, one of them would have to leave the Decatur store. Burton assumes that

because Chiaro believed that Cellular One could not fire African American employees, she decided that Burton should be fired. The record, however, contains no evidence that Chiaro, Wills, and Wasar hatched a plot to fire Burton instead of Manns, or that the three manufactured the churning and time-sheet-falsification incidents as an excuse. A plaintiff's own subjective belief that he has been discriminated against is insufficient to defeat a motion for summary judgment. *Hardin v. S.C. Johnson & Son, Inc.*, 167 F.3d 340, 346 (7th Cir.), *cert. denied* 528 U.S. 874, 120 S.Ct. 178, 145 L.Ed.2d 150 (1999).

The district court's grant of summary judgment is AFFIRMED.